# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **20-02610-jw**

# ORDER

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**10/06/2021**



*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 10/06/2021

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 20-02610-JW |
| | Chapter 13 |
| Rapheal Maurice Jenkins, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court upon an Application for Settlement and Compromise filed by Rapheal Maurice Jenkins ("Debtor") on September 16, 2021. According to the Application, Debtor settled a pre-petition personal injury cause of action for physical injuries due to an automobile accident for a payment in the amount of $23,500.00. From that payment, Debtor proposes to pay her attorney's fees in the amount of $8,225.00, litigation costs of $1,225.00, directly related medical bills of $4,689.00, and medical insurance subrogation liens of $169.22, which would then provide a net recovery to Debtor in the amount of $9,191.78.

Debtor disclosed the pre-petition cause of action, claimed it as exempt[1] and identified her state court counsel for the prosecution of the claim, Goings Law Firm, in her Schedules and Statements filed on July 15, 2020. At that time, Debtor valued the claim at zero since it was nonliquidated but still contingent on a trial or settlement but claimed 100% of the amount of the exemption allowed under applicable state law. No party timely objected to the exemption claim.

---

[1] In future cases, it is advisable for Debtor's bankruptcy counsel to declare the proceeds from a personal injury lawsuit exemptible under the election choice offered in the form Schedules: in Schedule C "100% of fair market value, up to any applicable statutory limit," and in Schedule B declare the value of the lawsuit as "unknown."

According to the recent opinion in *In re Williams*, ___ B.R. ___, 2021 WL 4061104, at *2 (Bankr. D.S.C. Sept. 1, 2021), which cited *In re Boyd*, 618 B.R. 133, 174 (Bankr. D.S.C. 2020) and *Wilson v. Dollar General Corporation,* 717 F.3d 337, 343-44 (4th Cir. 2013), a chapter 13 may maintain and prosecute a cause of action on behalf of the estate in his own name, exclusive of the trustee, in any tribunal, and without court approval. Therefore, according to those cases, it was unnecessary to file the Application seeking approval[2] or to serve the entire creditor matrix and provide an objection period, which in turn delays the disbursement of settlement funds.[3] Nevertheless, the Chapter 13 Trustee immediately received electronic notice of the Application upon its filing and has now entered her consent to the Application.

The pertinent question before the Court is not the approval of the settlement but the use of the proceeds therefrom which would originally be property of the Chapter 13 estate according to 11 U.S.C. §§ 541 and 1306. However, since the settlement funds were claimed as exempt, they are no longer property of the estate nor subject to the oversight of the bankruptcy trustee or Court. Therefore, the use of the proceeds for the payments and distributions mentioned in the Application does not require court approval.

Similar to the *Williams* case, the Court finds that the payment of state court counsel from exempt settlement proceeds created by its representation of Debtor at a 35% contingency fee rate, the payment of necessary litigation costs and the payment of medical bills and liens related to the accident should be allowed, and, to the extent necessary, are approved for disbursement. Regarding state court counsel, as stated in *In re Overstreet*,

---

[2] The Court will nevertheless provide orders of approval if desired by counsel upon immediate consideration upon their filing. Service on the Trustee is advised to ensure the Trustee is aware of the proceeds recovered.
[3] SCLBR 9019-1 and 9013-4 may be read to require this notice and objection period but to the extent that they contradict 4th Circuit caselaw, they are not effective.

C/A No. 07-05397, slip op. at 3 (Bankr. D.S.C. Mar. 5, 2010), there is no requirement for notice and approval of the debtor's employment of a non-bankruptcy professional prepetition and the disclosure of compensation proposed in this case is adequate under the circumstances. However, since exemptions are subject to timely objection, it is advisable for state court counsel to file a disclosure of compensation under form B2030 and attach a copy of the applicable representation/compensation agreement. In addition, in future cases where a debtor or the state court professional seeks the Court's approval of compensation, the debtor should attach to any Application a copy of the compensation agreement and any settlement agreement or disbursement sheet which reflects the use of proceeds.

As to the remaining proceeds, under the confirmed plan in this case, post confirmation proceeds or property of the estate shall remain in the possession and use of Debtor—subject only to the modification of the confirmed plan pursuant to 11 U.S.C. § 1329. Therefore, further approval of the disbursement of proceeds to Debtor is unnecessary. However, since its approval has been requested, the Court likewise approves disbursement of the relatively modest amount of the net proceeds to Debtor in light of the Trustee's consent and because a motion to modify the confirmed plan appears unlikely.

THEREFORE, IT IS ORDERED that,

Approval of the Application for Settlement is unnecessary. To the degree that it is necessary, the Court has examined all the circumstances and approves the conduct of Debtor and her state court counsel and the settlement, compensation, distribution and use of proceeds described in the Application in all respects.

**AND IT IS SO ORDERED.**